## Chester Shipbuilding Company, Limited, to use, v. Ritter & Winslow, Inc.

*Practice, C. P. — Statement of claim — Affidavit of defence — Statutory demurrer.*

1. An affidavit of defence is insufficient which alleges that the averments of fact in the statement of claim are insufficient to constitute a good cause of action, that there can be no recovery on them, and that the statement wholly fails to set forth any contract between the parties.

2. The affidavit should state why the averments of fact are deemed insufficient to constitute a good cause of action, or why there can be no recovery on them, or why they fail to set forth a contract between the parties.

Statutory demurrer. C. P. Jefferson Co., Aug. T., 1920, No. 293.

*Brown & Means* and *Charles Henry Scott, Jr.*, for plaintiff.

*Jacob L. Fisher* and *Gillespie & Gillespie*, for defendant.

CORBET, P. J., Aug. 14, 1924.—The "Practice Act, 1915," says: "The pleadings shall consist of the plaintiff's statement of claim, the defendant's affidavit of defence, and, where a set-off or counter-claim is pleaded, the plaintiff's

reply thereto. Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or *defence*, as the case may be, but not the evidence by which they are to be proved, or inferences, or *conclusions of law*. It (the affidavit of defence) shall be sworn to by the defendant or some person having knowledge of the facts. The defendant in the affidavit of defence may raise any question of law without answering the averments of fact in the statement of claim."

The statement of claim under consideration contains ten paragraphs and five exhibits, one of the latter of considerable length.

We question, and very much doubt, if reasons 1, 2 and 3, assigned against the statement of claim, (1) that the averments of fact are insufficient to constitute a good cause of action, (2) there can be no recovery on the facts set forth, and (3) it wholly fails to set forth any contract between the parties, meet up with the requirements mentioned. There should be statements to the court straight why the averments of fact are deemed insufficient to constitute a good cause of action, or why there can be no recovery on them, or why they fail to set forth a contract between the parties. The fourth and final reason is entirely argumentative, and objectionable for that reason.

We must accept the statement of claim as a reliable and correct statement of facts. Defendant's contention is, apparently, that the telegram sent it by plaintiff on July 15, 1919, Exhibit E to the statement, is not specifically an acceptance or assent by plaintiff to the qualification attached by defendant to the acceptance it made in its letter of June 18, 1919, Exhibit D to the statement (reiterated, it would seem, at a later date, possibly July 2, 1919, see Exhibit C to statement, and also Exhibit E), and, hence, there was no meeting of the minds and no contract. Acceptance or agreement need not necessarily be in express terms; it may be established by circumstances or the acts of the parties. There is no evidence that plaintiff rejected the qualification, and defendant is charged with having shipped coal under plaintiff's order to as late as Oct. 27, 1919, when defendant left off of its own accord, in spite of repeated demands by plaintiff for shipment, continued until March 26, 1920, when "defendant wrongfully and in breach of plaintiff's rights under said contract (so runs the statement of claim) repudiated said contract and refused to deliver any part of the balance" of the coal. We cannot but regard the telegram, Exhibit E, in connection with the other facts and circumstances averred in the statement of claim, sufficient to show that the defendant accepted plaintiff's order with the qualification that it should "be permissible for us (defendant) to ship the coal at any time we (defendant) see fit between now and December 1st," as mentioned in defendant's letter of June 18, 1919, and that plaintiff accepted the acceptance with the qualification, and, therefore, that the minds of the parties met and agreed upon the qualification as a provision of the contract. There is no evidence that defendant was harried about the matter of shipping the coal at any time it saw fit during the period to Dec. 1st, and the statement shows the willingness of plaintiff to receive it thereafter, and that the latter thereafter urged defendant to complete the shipment.

We are unable to decide the questions of law otherwise than against the defendant.

And now, Aug. 14, 1924, after hearing and due consideration, the questions of law raised by the defendant in the affidavit of defence it filed March 8, 1924, are decided against the defendant.

From Raymond E. Brown, Brookville, Pa.